**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO PAZ-GALINDO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1534

Agency No.
A208-936-066

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 16, 2025**
Seattle, Washington

Before: GOULD and DE ALBA, Circuit Judges, and ORRICK, District Judge.***

Fernando Paz-Galindo petitions for review of the Board of Immigration

Appeals' ("BIA's") order denying his application for cancellation of removal

under 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction under 8 U.S.C. § 1252 and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

affirm.  *See Wilkinson v. Garland*, 601 U.S. 209, 221–22 (2024).

"Where, as here, the BIA agrees with the [Immigration Judge's ("IJ's")] reasoning, we review both decisions."  *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)).  We review the IJ's and BIA's application of the "exceptional and extremely unusual hardship" standard under 8 U.S.C. § 1229b(b)(1)(D) to a given set of facts for substantial evidence.  *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).  "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Id.* at 1002 (citations omitted).

Substantial evidence supports the IJ's and the BIA's determinations that Paz-Galindo's qualifying relatives would not suffer exceptional and extremely unusual hardship if Paz-Galindo were removed.  That Paz-Galindo's removal may result in a financial loss is not sufficient to show the requisite hardship.  *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002).  And substantial evidence supports the agency's determination that Paz-Galindo's removal would not result in a definite and incurable financial loss in the first instance.  The record reflects that Paz-Galindo's partner has family nearby who would be able to provide limited financial support, and that she would consider selling the family home if needed to cover expenses.  Moreover, the record reflects that Paz-Galindo only provides

limited financial support to his mother, and that at least some of his siblings are also able to support her. Finally, substantial evidence demonstrates that Paz-Galindo has strong business acumen and a diverse skillset that would allow him to pursue career opportunities in Mexico. *Id.* at 323–24.

Similarly, although Paz-Galindo's qualifying children would undoubtedly suffer emotional harm should he be removed, a reasonable adjudicator would not be compelled to conclude that any harm would be "substantially different from or beyond that which would ordinarily be expected to result" any time a close family member is removed. *Wilkinson*, 601 U.S. at 215. Paz-Galindo's partner testified that she would consider moving the family to Mexico to stay with Paz-Galindo or continuing to live in the United States near family and allowing the children to visit with Paz-Galindo. Further, the record reflects that Paz-Galindo's eldest daughter has access to mental health services and has seen improvement over the years. There is no evidence that Paz-Galindo's presence in the United States is required for her to continue to receive those services if needed.

Thus, substantial evidence supports the IJ's and BIA's determination that the hardships that Paz-Galindo's qualifying family members would suffer if Paz-Galindo were removed, even when considered in the aggregate, did not meet the exceptional and extremely unusual standard. *See Gonzalez-Juarez*, 137 F.4th at 1005–06.

**PETITION DENIED.**